# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CIEC USA INCORPORATION | § | |
| | § | |
| *vs.* | § | C.A. NO. H – 16 – 3006 |
| | § | ADMIRALTY |
| M/V COLUMBIA RIVER, | § | |
| *her tackle, apparel, furniture,* | § | |
| *equipment, etc., et al.* | § | |

### *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff CIEC USA Incorporation files this Original Complaint against Defendants, the M/V COLUMBIA RIVER, *in rem*, and Columbia River Shipping Ltd. ("CRS"), Pacific Basin Shipping (HK) Ltd. ("PBS") and Richardson Stevedoring & Logistics Services, Inc. ("Richardson"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, a maritime tort and/or breaches of maritime contracts.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Plaintiff is a Texas corporation with its principal place of business in Houston.

3.      On information and belief and at all times material, the M/V COLUMBIA

RIVER was an ocean going vessel registered in the People's Republic of China, bearing International Maritime Organization No. 9331907 and weighing approximately 31,259 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4. On information and belief and at all times material, CRS owned, chartered, managed and/or operated the M/V COLUMBIA RIVER as a common carrier of goods by water for hire between various ports, including the Ports of Subic, Philippines and Houston. On information and belief, CRS is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, owning, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, CRS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although CRS may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, CRS has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over CRS is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving CRS with a summons is

effective to establish personal jurisdiction over it.  CRS can be served by serving the Texas Secretary of State. Process or notice can be sent to CRS in care of PBS, at 7th Floor, Hutchison House, 10, Harcourt Road, Central Hong Kong, People's Republic of China.

5.      On information and belief and at all times material, PBS managed and/or operated the M/V COLUMBIA RIVER as a common carrier of goods by water for hire between various ports, including the Ports of Subic and Houston.  On information and belief, PBS is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by managing and/or operating vessels carrying cargo to and from Texas, managing and/or operating vessels in Texas navigational waters, entering into contracts for the management and/or operation of vessels in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, PBS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although PBS may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, PBS has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over PBS is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving PBS with a summons is effective to establish

personal jurisdiction over it.  PBS can be served by serving the Texas Secretary of State. Process or notice can be sent to PBS at its home office at 7th Floor, Hutchison House, 10, Harcourt Road, Central Hong Kong, People's Republic of China.

6.     On information and belief and at all times material, Richardson was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston.  Richardson can be served by its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

7.     On or about March 6, 2015, Plaintiff's shipper tendered in good order and condition to CRS and PBS at Subic a cargo of ERW steel pipe.  CRS and/or PBS had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  CRS and/or PBS acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Subic one or more bills of lading, including Bills of Lading Nos. PBIMCOLRSBCHOU01 through 04, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V COLUMBIA RIVER.

8.     On or about May 9, 2015, the M/V COLUMBIA RIVER arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, corroded, contaminated, stained, scratched, short, slack, missing, never delivered and/or

otherwise physically damaged or lost.  The loss and Plaintiff's resulting damages proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire, and/or failure to perform services in a workmanlike manner.

9.   Alternatively, on information and belief, the loss and Plaintiff's resulting damages proximately resulted from the unseaworthiness of the M/V COLUMBIA RIVER.

10.   Plaintiff proximately has sustained damages exceeding $57,747.35 plus interest dating from March 6, 2015, demand for which has been made upon Defendants but which they refuse to pay.

11.   At all times material, Plaintiff owned the cargo and brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CIEC USA Incorporation prays that:  process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V COLUMBIA RIVER, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V COLUMBIA RIVER be condemned and sold to satisfy the damages aforesaid; and, this Honorable

Court adjudge that Defendants, the M/V COLUMBIA RIVER, *in rem*, and Columbia River Shipping Ltd., Pacific Basin Shipping (HK) Ltd. and Richardson Stevedoring & Logistics Services, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, Suite F570
Houston, Texas 77007
Telephone:     (713) 864–2221
Facsimile:     (713) 864–2228
Email:     macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF